IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| RAE ANN SPINKS and ROGER SPINKS, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>PASQUALE CANCELLIERE, D.P.M., )<br>)<br>Defendant. ) | CASE NO. 3:17-cv-187 |

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Come now the plaintiffs, Rae Ann Spinks and Roger Spinks, and for their Complaint against Pasquale Cancelliere, D.P.M., allege and state the following:

**PARTIES, JURISDICTION, AND VENUE**

1. At all relevant times herein, the Plaintiffs, Rae Ann Spinks and Roger Spinks, were husband and wife and were citizens of Indiana, residing within the Southern District of Indiana, Evansville Division, of the United States District Court.

2. At all relevant times herein, defendant, Pasquale Cancelliere, D.P.M., was a licensed physician and a qualified health care provider under the Medical Malpractice Act (Indiana Code § 34-18-1-1, et seq.), with his principal place of business located in the City of Jasper, County of DuBois, State of Indiana.

3. That defendant, Pasquale Cancelliere, D.P.M., currently resides and practices medicine in the State of Massachusetts and is a citizen of the State of Massachusetts.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

5. Venue is proper in that the events and/or omissions giving rise to this claim occurred in the Southern District of Indiana.

6. On September 15, 2016, plaintiffs filed their Proposed Complaint with the Indiana Department of Insurance, Medical Malpractice Division.

7. The Medical Review Panel assembled to review this matter was convened on August 23, 2017 and rendered an unanimous opinion that the evidence did not support the conclusion that the defendant fell below the applicable standard of care.

8. The Medical Review Panel Decision was submitted to the Indiana Department of Insurance on August 28, 2017.

## GENERAL ALLEGATIONS

9. In June 2014, Plaintiff Rae Ann Spinks sought the services of defendant, Pasquale Cancelliere, D.P.M., at Patoka Valley Podiatry with complaints of sharp pain in both feet with increasing pain associated with walking. Dr. Cancelliere at that time concluded that Plaintiff was a candidate for correction surgery. Dr. Cancelliere recommended surgery to Plaintiff at her follow up appointment in July 2014.

10. On August 14, 2014, Pasquale Cancelliere, D.P.M. performed surgery on Rae Ann's right foot. Rae Ann recovered from this surgery. On October 23, 2014, Rae Ann met with Dr. Cancelliere for an assessment. At this time, Dr. Cancelliere advised Rae Ann she should undergo additional surgery.

11. Pasquale Cancelliere, D.P.M. returned Rae Ann to surgery on November 17, 2014 to fuse Rae Ann's left foot. Dr. Cancelliere applied an external fixator to the left foot to stabilize the fusion sites for healing. The external fixation or halo device was not the method desired by Mrs. Spinks.

12.     On January 15, 2015, Pasquale Cancelliere, D.P.M. performed another surgery on Rae Ann's left foot, during which he removed the external fixator, inserted screws through the medial column and across Rae Ann's subtalar joint and put a skin graft over the wound caused by incisions.  Rae Ann suffered post-operative complications.  Rae Ann experienced intense pain, skin necrosis, muscle weakness, and substantially impaired movement.  On August 31, 2015, Rae Ann had an appointment with Dr. Andrew Rader, also of Indiana Foot and Ankle, as she still had intense pain and impaired mobility more than seven (7) months after her surgery.  Dr. Rader observed complications with the hardware in Rae Ann's left foot and nerve damage.  Dr. Rader performed a procedure to mitigate nerve damage and repair the complications with the hardware in Rae Ann's foot on October 2, 2015.  Rae Ann's wound healed from this surgery, but she still experiences intense pain, disability, and impaired movement.

13.     That the operative and post-operative care provided by Pasquale Cancelliere, D.P.M. for the surgery of November 17, 2014 and January 15, 2015 was negligent and below the appropriate standard of care in many respects, including, but not limited to, improperly diagnosing Rae Ann with a complication specific to diabetic patients, failure to adequately explain the traumatic procedure on her left foot before the surgery, and dismissing Rae Ann's complaints of pain and skin necrosis in the months following surgery.  Specifically in the surgery of January 15, 2015, there was screw malposition causing further damage, including nerve damage.

14.     As a direct and proximate result of the carelessness and negligence of Pasquale Cancelliere, D.P.M., Rae Ann Spinks has experienced great physical pain, prolonged disability, and substantial impairment.  She has incurred substantial medical expenses and lost wages and will continue to incur all such economic and non-economic losses in the future.

15.     As a further direct and proximate result of the carelessness and negligence of Pasquale Cancelliere, D.P.M., Roger Spinks has suffered a loss of services, society, companionship, and support of his wife, Rae Ann Spinks, and will continue to suffer such losses in the future.

WHEREFORE, Plaintiffs, Rae Ann Spinks and Roger Spinks, pray for an award of damages against the Defendant in a fair and reasonable amount, for the costs of this action, for appropriate interest, and for all other just and proper relief in the premises.

## DEMAND FOR JURY TRIAL

Plaintiffs, Rae Ann Spinks and Roger Spinks, respectfully request that all issues addressed herein be presented to a jury.

Respectfully submitted,

WILSON KEHOE WININGHAM LLC


/s/D. Bruce Kehoe_____
D. Bruce Kehoe
Attorney # 5410-49
WILSON KEHOE WININGHAM, LLC
2859 North Meridian Street
Indianapolis, IN 46208
Tel (317) 920-6400
Fax (317) 920-6405
E-mail kehoe@wkw.com
*Attorney for Plaintiffs*